```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
PETER PRICE,

                    Plaintiff,
                                            MEMORANDUM & ORDER
          -against-                         13-CV-4426(JS)(GRB)

ROBERT BENJAMIN; JAY FRIEDRICH; DAVID
FRIEDRICH; FRIEDRICH AND FRIEDRICH;
STEVE MARTINO; MARTINO & FISHER; JOHN
BRACKEN; MARILYN LORD JAMES; and
BRACKEN MARGOLIN, LLP,

                    Defendants.
--------------------------------X
```

APPEARANCES
For Plaintiff:              Peter Price, pro se
                            24 Library Avenue
                            Westhampton Beach, NY 11978

For Defendants
Robert Benjamin:            No appearances.

Jay and David
Friedrich, and
Friedrich and
Friedrich:                  Jay Friedrich, Esq.
                            Friedrich & Friedrich, LLC
                            203 Godwin Avenue
                            Ridgewood, NJ 07450

Steve Martino and
Martino & Fisher:           Therese M. Martin, Esq.
                            Maloof, Lebowitz, Connahan
                             & Oleske, PC
                            127 Main Street
                            Chatham, NJ 07928

John Bracken, Marilyn
Lord James, Bracken
Margolin, LLP:              Peter J. Biging, Esq.
                            Jason Ederer, Esq.
                            Goldberg Segalla LLP
                            600 Lexington Avenue, Suite 900
                            New York, NY 10022

Linda U. Margolin, Esq.
Bracken, Margolin & Besunder, LLP
1050 Old Nichols Road, Suite 200
Islandia, NY 11749

SEYBERT, District Judge:

Plaintiff Peter Price ("Plaintiff"), proceeding pro se, commenced this action on August 6, 2013 against defendants Robert Benjamin ("Benjamin"); Jay Friedrich, David Friedrich, and Friedrich and Friedrich (collectively, the "Friedrich Defendants"); Steve Martino and Martino & Fisher (collectively the "Martino Defendants"); and John Bracken, Marilyn Lord James, and Bracken Margolin LLP (collectively the "Bracken Defendants," and together with Benjamin, the Friedrich Defendants, and the Martino Defendants, "Defendants"). In an exceptionally disjointed and confusing Complaint, Plaintiff claims that Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. The Complaint also appears to assert claims for legal malpractice and conversion under New York state law against the Bracken Defendants.

The Bracken Defendants and the Martino Defendants have moved to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket Entries 16 & 19.) For the following reasons, the motions to dismiss are GRANTED. Additionally, although Benjamin and the

Friedrich Defendants have not moved to dismiss Plaintiff's claims against them, the Court <u>sua</u> <u>sponte</u> DISMISSES these claims for failure to state a claim because they are frivolous.

BACKGROUND

The following facts are taken from the Complaint and are presumed to be true for the purposes of this Memorandum and Order. Before addressing the facts, however, the Court must note that making any sense of Plaintiff's Complaint or his claims is extremely difficult because the Complaint is exceptionally incoherent and disjointed. As best the Court can tell, Plaintiff appears to assert a RICO claim against Defendants based on their involvement in alleged transactions and litigation between Plaintiff and Benjamin arising out of two, now-defunct corporations in which Plaintiff and Benjamin once shared interests. The Court will first identify the parties to this action before turning to the substantive allegations of the Complaint.

Plaintiff is a former "partner" in Raptor Steel LLC, a now-defunct limited liability company that Plaintiff and Benjamin previously owned together. (Compl. ¶¶ 5, 7.) Plaintiff also "had a 50% equity and voting interest" in AJ Bridges LLC, another now-defunct limited liability company of which Benjamin was "the nominal owner . . . ." (Compl. ¶¶ 5-6.) Jay and David Friedrich are attorneys at the law firm Friedrich

3

and Friedrich.  (Compl. ¶ 8.)  The Friedrich Defendants allegedly represented Benjamin in connection with various real estate transactions and in an action against Plaintiff in New York State Supreme Court.  (See generally Compl.)  The Martino Defendants served as "the accountants for the Limited Liability Companies in which Price had an interest."  (Compl. ¶ 9.)  John Bracken and Marilyn Lord James are attorneys at the law firm Bracken Margolin LLP.  Plaintiff "engaged the legal services" of the Bracken Defendants "to act on his behalf in pursuing a claim for approximately two million dollars."  (Compl. ¶ 10.)

Plaintiff first spends a significant portion of the Complaint describing certain actions taken by the Friedrich Defendants and Benjamin that are allegedly "[p]art of a history of prior criminal acts."  (Compl. ¶¶ 14, 16, 20.)  Like the remainder of the Complaint, these allegations are very confusing and the Court fails to see how these alleged acts are even relevant to Plaintiff's claims.  In short, Plaintiff alleges that one of the individual Friedrich Defendants and Benjamin were partners "in the late 1990's where there [sic] purchased land and built houses."  (Compl. ¶ 12.)  The individual Friedrich defendant "took advantage of his cunning nature to enrich himself" and "Benjamin also owned car dealership(s) where Benjamin was bought out of these enterprises."  (Compl. ¶ 13.)  Benjamin hired the Friedrich Defendants "as an attorney on

4

several occasions" and "with the help of [the Friedrich Defendants], Benjamin was able to beat the Resolution Trust out of three million two hundred thousand ($3,200,000.00) dollars." (Compl. ¶ 16.) Benjamin then hired the Friedrich Defendants to represent him and his leasing company in bankruptcy court "when Benjamin repossessed a Ford Bronco belonging to a Mr[.] O'Neil[1] . . . ." (Compl. ¶ 18 (footnote added).) One of the Friedrich defendants "received or purchased the Ford Bronco from Benjamin, who in turn gave it to David Friedrich." (Compl. ¶ 19.) The Friedrich Defendants then sued Benjamin "on behalf of Benjamin's former accountant and obtain[ed] a judgment against Benjamin and instituted collection proceedings against Benjamin." (Compl. ¶ 20.)

Plaintiff next alleges that the Friedrich Defendants and the Martino Defendants "grossly under reported the income to the two (2) LLC's to [Plaintiff's] detriment . . . ." (Compl. ¶ 7[2].) Additionally, Martino "refuse[d] to turn over the records of the LLC Raptor steel LLC [sic] to which [Plaintiff] was a member," allegedly at the direction of Jay Friedrich. (Compl. ¶¶ 8-9.)

---

[1] Mr. O'Neil is not identified in the Complaint.

[2] The Complaint is numbered correctly from paragraphs 1 to 20, but after paragraph 20, the Complaint starts again at paragraph 7 and continues to paragraph 82. The following citations refer to the second set of paragraph numbering.

5

Plaintiff next describes numerous actions taken by Benjamin and the Friedrich Defendants intended to harm Plaintiff. He first alleges that Benjamin, acting as a company operating under the name DLC Leasing, engaged in a series of real estate transactions involving fraudulent deeds and mortgages. (Compl. ¶¶ 12-24.) Benjamin and the Friedrich Defendants now "seek to hold Plaintiff responsible for losses alleged to be suffered because of the inability to collect" on these deeds and mortgages in an action commenced in New York State Supreme Court. (Compl. ¶¶ 28-29.) Plaintiff also alleges that Benjamin and the Friedrich Defendants attempted to harm Plaintiff by making false and malicious claims against Plaintiff and by filing a grievance against him with the New York State Bar.[3] (Compl. ¶¶ 37-38.) Benjamin and one of the individual Friedrich Defendants also "denied [Plaintiff] access to the books and records of Raptor Steel LLC," the "assets of AJ Bridges LLC were transferred into Raptor Steel LLC," and the one asset "still in the name of AJ Bridges LLC. . . . was sold and the money taken by Mr[.] Benjamin. (Compl. ¶¶ 41-45.)

The individual Friedrich Defendants further attempted to harm Plaintiff by representing one of Plaintiff's former tenants in an eviction proceeding Plaintiff brought against the

---

[3] Plaintiff apparently is a suspended attorney. (See Bracken Defs.' Br., Docket Entry 21, at 2 n.2.)

6

tenant. (Compl. ¶¶ 47-52.) Additionally, Plaintiff claims that the tenant "has sold property owned by Plaintiff and has committed larceny by keeping the proceeds of the sale," allegedly at the advice of the Friedrich defendant and Benjamin. (Compl. ¶¶ 54-57.)

Plaintiff next claims that he retained the Bracken Defendants (1) to "do accounting [sic] for the assets of AJ Bridges and Raptor Steel," and (2) to represent Plaintiff in an action between Benjamin and Plaintiff in New York State Supreme Court. (Compl. ¶¶ 61-67.) Plaintiff does not explain the subject matter of this state court action but he claims that the Bracken Defendants "did not represent [Plaintiff's] interests in the case of Benjamin v. Price in state Supreme Court" by not filing any motions. (Compl. ¶¶ 67-69.) Additionally, Plaintiff claims that after taking possession of Plaintiff's files and failing to represent his interests, the Bracken Defendants refused to return the files and Plaintiff therefore is "unable to either defend [himself] or proceed with claims against Mr[.] Benjamin and now Mr[.] Friedrich." (Compl. ¶¶ 71-77.)

Failing to specify which section or sections of RICO Plaintiff contends Defendants violated, the Complaint concludes (1) "[t]hat most of the transaction [sic] and racketeering was done between the parties by the use of wire communications

7

including but not limited to cell phone, wired phones or VOIP, fax and email" and (2) "[t]hat the continued acts of coercion were calculated to alarm, hurt [sic] the Plaintiff sufficient to violate the Hobbes [sic] Act." (Compl. ¶¶ 79-80.) Additionally, although not specifically stated, a liberal reading of the Complaint suggests that Plaintiff also intends state law claims against the Bracken Defendants for (1) legal malpractice (by not "represent[ing Plaintiff's] interests" in the state court proceeding between Plaintiff and Benjamin) and (2) conversion (for withholding Plaintiff's files).

The Bracken Defendants and the Martino Defendants filed motions to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on September 30 and October 28, 2013, respectively. Plaintiff has not filed oppositions.

## DISCUSSION

The Court will first set forth the legal standard on a Rule 12(b)(6) motion to dismiss before turning to Defendants' motions specifically.

I. Legal Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

Additionally, the heightened pleading standard required by Federal Rule of Civil Procedure 9(b) "applies to RICO claims for which fraud is the predicate illegal act." Moore v. PaineWebber, 189 F.3d 165, 172-73 (2d Cir. 1999). "In the RICO context, Rule 9(b) calls for the complaint to 'specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements.'" Id. at 173 (quoting McLaughlin v. Anderson, 962 F.2d 187, 191 (2d Cir. 1992)).

The Court is confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). However, this has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

II. RICO Claims

The Bracken Defendants and the Martino Defendants argue that Plaintiff has failed to adequately plead the requisite elements of a RICO claim. The Court agrees.

RICO was enacted to "'prevent organized crime from infiltrating America's legitimate business organizations.'" Manley v. Doby, No. 12-CV-4835, 2012 WL 5866210, at *3 (E.D.N.Y. Nov. 19, 2012) (quoting Moccio v. Cablevision Sys. Corp., 208 F. Supp. 2d 361, 371 (E.D.N.Y. 2002)). The Act contains a criminal provision, see 18 U.S.C. § 1962, and a civil provision, see 18 U.S.C. § 1964. The civil provision permits the recovery of treble damages and reasonable attorney's fees for any person who is "injured in his business or property by reason of a violation of" the criminal provision. 18 U.S.C. § 1964(c). "'Because the

mere assertion of a RICO claim has an almost inevitable stigmatizing effect on those named as defendants, courts should strive to flush out frivolous RICO allegations at an early stage of the litigation.'" Allstate Ins. Co. v. Valley Physical Med. & Rehabilitation, P.C., No. 05-CV-5934, 2009 WL 3245388, at *3 (E.D.N.Y. Sept. 30, 2009) (quoting Bell v. Hubbert, 95-CV-10456, 2007 WL 60513, at *5 (S.D.N.Y. Jan. 8, 2007)).

To establish a civil RICO claim, "a plaintiff must show: '(1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962.'" DeFalco v. Bernas, 244 F.3d 286, 305 (2d Cir. 2001) (quoting Pinnacle Consultants, Ltd. v. Leucadia Nat'l Corp., 101 F.3d 900, 904 (2d Cir. 1996)). The Second Circuit has held that a RICO plaintiff has two pleading burdens. First, a plaintiff "must allege that the defendant has violated the substantive RICO statute, 18 U.S.C. § 1962, commonly known as 'criminal RICO.'" Moss v. Morgan Stanley, Inc., 719 F.2d 5, 17 (2d Cir. 1983). To satisfy this burden, the plaintiff must allege the following "seven constituent elements: (1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or

11

foreign commerce." Id. (quoting 18 U.S.C. § 1962(a)-(c)). A plaintiff must adequately allege these seven elements "before turning to the second burden--i.e., invoking RICO's civil remedies . . . ." Id. (citation omitted). To satisfy the second burden, a plaintiff "must allege that he was 'injured in his business or property by reason of a violation of section 1962.'" Id. (quoting 18 U.S.C. § 1964(c)).

A. RICO Enterprise

An "enterprise" is defined in 18 U.S.C. § 1961(4) to include "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." See Bankers Trust Co. v. Rhoades, 741 F.2d 511, 515 (2d Cir. 1984). The Supreme Court has further explained that under RICO, an enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct," proven by "evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." United States v. Turkette, 452 U.S. 576, 583, 101 S. Ct. 2524, 2529, 69 L. Ed. 2d 246 (1981).

Here, Plaintiff alleges that Defendants "have associated themselves with an enterprise . . . in violation of [RICO]" but he provides no facts indicating that Defendants associated together for a common purpose of engaging in a course

12

of conduct. The allegations of the Complaint are so disjointed and confusing that it is impossible to piece together any facts suggesting that Defendants functioned as a continuing unit. See First Capital Asset Mgmt. v. Satinwood, Inc., 385 F.3d 159, 174-75 (2d Cir. 2004) (finding that plaintiffs failed to adequately allege a RICO enterprises because they "failed to provide [the Court] with any solid information regarding the hierarchy, organization, and activities of this alleged association-in-fact enterprise . . . from which [the Court] could fairly conclude that its members function as a unit" (internal quotation marks and citation omitted)); Rosner v. Bank of China, 528 F. Supp. 2d 419, 429 (S.D.N.Y. 2007) (finding that plaintiffs failed to adequately allege a RICO enterprises because no facts alleged showed how defendants "improperly functioned as a unit"). Accordingly, Plaintiff has failed to allege that Defendants "associated together for a common purpose of engaging in a course of conduct" and therefore have not satisfied the "enterprise" element of a RICO claim. Turkette, 452 U.S. at 583.

B. Pattern of Racketeering Activity

Under RICO's definitional section, a "'pattern of racketeering activity' requires at least two acts of racketeering activity, . . . the last of which occurred within ten years . . . after the commission of a prior act of

13

racketeering activity.'" Spool v. World Child Int'l Adoption Agency, 520 F.3d 178, 183 (2d Cir. 2008) (ellipses in original) (quoting 18 U.S.C. § 1961(5)). "The acts of racketeering activity that constitute the pattern must be among the various criminal offenses listed in § 1961(1), and they must be 'related, and [either] amount to or pose a threat of continuing criminal activity.'" Id. (alteration in original) (emphasis added) (quoting Cofacrèdit, S.A. v. Windsor Plumbing Supply Co., 187 F.3d 229, 242 (2d Cir. 1999)).

The Complaint fails to allege that any of the Defendants engaged in racketeering activity. The Complaint states that the Bracken Defendants "did not represent [Plaintiff's] interests in the case of Benjamin v. Price in state Supreme Court," (Compl. ¶¶ 61-67), and that they committed larceny by refusing to return Plaintiff's files (Compl. ¶ 74). However, neither of these alleged acts falls within the RICO definition of racketeering activity. See 18 U.S.C. § 1961(1); Weizmann Inst. of Sci. v. Neschis, 229 F. Supp. 2d 234, 255 (S.D.N.Y. 2002) ("Neither larceny by embezzlement nor larceny by false promise falls within the RICO statutory definition of racketeering activity."); Segarra v. Messina, 153 F.R.D. 22, 28 (N.D.N.Y. 1994) (holding that larceny is not a "viable predicate act under the RICO statute"); United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, 793 F. Supp. 1114,

1136 (E.D.N.Y. 1992) ("'Larceny' is not listed in [s]ection 1961(1)(A) among the state offenses that may constitute acts of racketeering.").

With regard to the Martino Defendants, Plaintiff appears to allege that the Martino Defendants falsely reported the income of companies in which Plaintiff allegedly maintained interests. It does not appear that this alleged act falls within the definition of racketeering activity under Section 1961(1). But even if it did, the allegations of the Complaint do not satisfy the heightened pleading standard for fraud claims under Federal Rule of Civil Procedure 9(b).

With respect to Benjamin and the Friedrich Defendants, although they have not moved to dismiss the Complaint, there is absolutely nothing alleged in the Complaint that suggests these Defendants engaged in racketeering activity either. Although Plaintiff claims that Defendants violated the Hobbs Act, 18 U.S.C. § 1951, and engaged in racketeering "by the use of wire communications," these allegations are merely conclusory and Plaintiff fails to allege any facts supporting them. The allegations against Defendants are so unclear that the Complaint fails to place any of the Defendants on notice of the alleged RICO predicate acts. Thus, the Complaint fails to sufficiently

15

allege that any of the Defendants committed any RICO predicate acts.[4]

Because Plaintiff has failed to plead the requisite RICO elements, the Bracken Defendants' and the Martino Defendants' motions to dismiss Plaintiff's RICO claims are GRANTED and the RICO claims are DISMISSED. Additionally, because the Court finds that Plaintiff's RICO claims against Benjamin and the Friedrich Defendants are frivolous, the Court sua sponte DISMISSES these claims as well notwithstanding that these Defendants have not moved to dismiss.

III. Leave to Replead

The Second Circuit has stated that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999); see also FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). "However, a district court has the discretion to deny leave to amend where there is no indication from a liberal reading of the complaint that a valid claim might be stated." Perri v. Bloomberg, No. 11-CV-2646, 2012 WL 3307013, at *4 (E.D.N.Y. Aug.

---

[4] Even assuming that Plaintiff had alleged a pattern of racketeering activity and the existence of an enterprise, any claims pursuant to Section 1962(a), (b), (c), or (d) fail because Plaintiff does not allege how he was injured by reason of a RICO violation.

16

13, 2012) (citing Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010)).

Here, the Court finds that there is no indication, even from a liberal reading of the Complaint, that a valid RICO claim might be stated. Accordingly, Plaintiff's RICO claims are DISMISSED WITH PREJUDICE. Since these federal claims are dismissed with prejudice, the Court declines to exercise supplemental jurisdiction over the state law claims, which are DISMISSED WITHOUT PREJUDICE to being refiled in state court.

CONCLUSION

For the foregoing reasons, the Bracken Defendants' and the Martino Defendants' motions to dismiss are GRANTED and the RICO claims against them are DISMISSED WITH PREJUDICE. Additionally, the RICO claims against the remaining Defendants are sua sponte DISMISSED WITH PREJUDICE. The Court declines to exercise supplemental jurisdiction over the state law claims, which are DISMISSED WITHOUT PREJUDICE to being refiled in state court.

The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to pro se Plaintiff and mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: July  22 , 2014
　　　　Central Islip, New York